```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

STEVEN J. GALETT,                   :
                                    :
        Plaintiff,                  :
                                    :
V.                                  :   Case No. 3:10-CV-1503 (RNC)
                                    :
NETJETS AVIATION, INC.              :
                                    :
        Defendant.                  :
```

## RULING AND ORDER

Defendant has moved for judgment on the pleadings contending that plaintiff's claims for breach of contract, promissory estoppel and negligent misrepresentation require interpretation of a collective bargaining and are therefore preempted by the Railway Labor Act ("RLA"). See 45 U.S.C. § 151a. For the reasons that follow, the motion is denied.

The test for preemption under the RLA is virtually identical to the standard used in cases involving § 301 of the Labor Management Relations Act. See Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 256 (1994). Under both statutes, the test asks whether the plaintiff's state law claims are "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers v. Lueck, 471 U.S. 202, 213 (1985). Not all agreements made by employees subsequently covered under a CBA meet this standard. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 396 (1987) ("Individual employment contracts are not inevitably superseded by any subsequent collective agreement

1

covering an individual employee."). Indeed, the Second Circuit has held that individual employment contracts can be enforced under state law when the employee relies on a promise not included in the applicable CBA, provided the claim does not require interpretation of the CBA. See Foy v. Pratt & Whitney Grp., 127 F.3d 229, 235 (2d Cir. 1997) ("An employee's nonnegotiable right to sue under state law, based on promises that go beyond a CBA, is not automatically or necessarily preempted solely because the CBA provides for lesser or other rights than what the employee claims to have been promised.").[1]

Whether a state law claim requires interpretation of a CBA and is thus preempted ultimately depends on whether the parties disagree about the meaning of the relevant terms in the CBA. See Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in

---

[1] Other courts – including the Third, Seventh, and Eighth Circuits, and the Connecticut Supreme Court - have permitted such claims. See Loewen Group Int'l, Inc. v. Haberichter, 65 F.3d 1417, 1423 (7th Cir. 1995)("As long as the employer is not attempting to circumvent a union or undermine a [CBA], it is permissible to negotiate more favorable contracts with individual members." (citations omitted)); Berda v. CBS, Inc., 881 F.2d 30 (3d Cir. 1989) (allowing suit based on a misrepresentation of permanent, reasonably long-term employment for a union position that was quickly eliminated); Anderson v. Ford Motor Co., 803 F.2d 953, 958 (8th Cir. 1986) (permitting claims by union employees based on pre-hiring promises that fell within the purview of the CBA); see also Barbieri v. United Techs. Corp., 255 Conn. 708 (2001).

the course of state-law litigation plainly does not require the claim to be extinguished." Id. at 24 (citations omitted); compare Wynn v. AC Rochester, 273 F.3d 153 (2d Cir. 2001) (per curiam) ("[T]here is no genuine issue between parties concerning interpretation of the CBA. . . . [P]laintiffs' state law misrepresentation claims depend upon the employer's behavior, motivation, and statements, as well as plaintiffs' conduct, their understanding of the alleged offer made to them, and their reliance on it.") with Puccino v. SNET Info. Servs., Inc., No. 3:09-cv-1551, 2011 WL 4575937, at *6 (D. Conn. Sept. 30 2011) (holding that promises about wages and commissions allegedly superseding the CBA would require "substantial interpretation" to determine whether there was a breach).

  Here, NetJets allegedly made a promise to the plaintiff, a non-union employee, guaranteeing seniority, among other benefits. This promise was unrelated to the CBA.  Defendant emphasizes that plaintiff's remedies cannot be separated from the CBA.  But examination of the plaintiff's state law claims in light of the parties' preemption arguments shows that there is no material dispute concerning the meaning of the terms in the CBA.

  In the absence of a such a dispute, the need to refer to the CBA is insufficient to require preemption of plaintiff's state law claims.  The Supreme Court has emphasized that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on

3

individual employees as a matter of state law." Livadas, 512 U.S. at 123 (1994). Rather, state law claims are preempted by § 301 only when necessary "to assure that the purposes animating § 301 will be frustrated neither by state laws purporting to determine questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of the agreement, nor by parties' efforts to renege on their arbitration promises by relabeling as tort suits actions simply alleging breaches of duties assumed in collective-bargaining agreements." Id. at 122-23 (citations omitted). Accordingly, "[w]hen resolution of the tort litigation hinges on 'purely factual questions' about the conduct or motives of employers and employees, even if the conduct takes place during contractually authorized grievance procedures, no interpretation of the contract is required, and thus the [s]tate litigation may proceed." Harris v. Hirsch, 630 N.Y.S.2d 701, 704 (1995) (applying Lingle's preemption standard adopted for RLA preemption in Hawaiian Airlines); see also in re Bentz Metal Prods. Co., 253 F.3d 283, 285, 289 (7th Cir. 2001) ("We now hold, consistent with Lingle and Livadas v. Bradshaw, that a state law claim is not preempted if it does not require interpretation of the CBA even if it may require reference to the CBA." (citation omitted)).

No Second Circuit case involving preemption is directly on point, but Foy is analogous. In that case, employees covered by

4

a collective bargaining agreement were laid off from a plant in North Haven after failing to apply for openings at a plant in Southington.  The employees brought a claim of negligent misrepresentation against the employer alleging that they had not applied for the openings because they had been assured that they would be given an opportunity to transfer before being subjected to layoff.  The employer argued that the claim was preempted by § 301 because the issue of justifiable reliance on the alleged misrepresentation had to be determined in light of the employees' limited rights under the collective bargaining agreement.  The Court of Appeals carefully considered whether allowing the claim to go forward would be contrary to the purposes of § 301.  It concluded that preemption was not required because, although reference to the collective bargaining agreement might be needed, "state law [would] play no part in determining what the parties had agreed to in the CBA or whether the CBA ha[d] been breached." Foy, 127 F.3d at 235.  Moreover, state law, not the CBA, was the source of the nonnegotiable right at issue.  Id.  The same factors are present here.

    Accordingly, defendant's motion for judgment on the pleadings [doc. #34] is hereby denied.

    So ordered this 30th day of September 2012.

                                              /s/
                                    Robert N. Chatigny
                            United Stated District Judge